**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MAXIMINO HERNANDEZ PEREZ,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv612**

**PAUL PERRY,** *et al.*,

**Respondents.**

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS the Petition. (ECF No. 1.) Respondents are DIRECTED to provide Petitioner with a copy of this Memorandum Opinion and Order.

The Court ORDERS that the Immigration Court provide Petitioner with a bond hearing prior to any hearing on the merits of his removal, and no later than twenty-four (24) hours from the date of entry of this Order, or if that period falls on a weekend, on the next business day.

The Court further ORDERS that at that hearing, Respondents SHALL bear the burden of showing that Petitioner is a danger or a flight risk by clear and convincing evidence.

Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

Respondents are ORDERED to file a status report with this Court within three (3) days after Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial. Simply stating that Petitioner's request for bond was denied because he was deemed a "flight risk" or a "danger to the community," without more, is insufficient.

In the event that Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should Petitioner be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

Unless a party seeks additional relief within seven (7) days from the filing of the post-bond-hearing status report, the Court will order that this case be CLOSED.

It is SO ORDERED.

/s/
M. Hannah Lauck
Chief United States District Judge

Date: 8/6/26
Richmond, Virginia

[1] Courts in this District have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025)